**CHICAGO SEATING CO. v. S. KARPEN & BROS.**

No. 48 C 1892.

United States District Court
N. D. Illinois, E. D.

Feb. 23, 1949.

410

Byron M. Getzoff, of Chicago, Ill., for plaintiff.

Dawson, Ooms, Booth & Spangenberg, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

■ Plaintiff brought this action under Section 2(e) of the Clayton Act as amended by the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13(e) seeking recovery of treble damages for the alleged discriminatory practices of defendant. That particular subsection of the Act states:

"It shall be unlawful for any person to discriminate in favor of one purchaser against another purchaser or purchasers of a commodity bought for resale, with or without processing, by contracting to furnish or furnishing, or by contributing to the furnishing of, any services or facilities connected with the processing, handling, sale, or offering for sale of such commodity so purchased upon terms not accorded to all purchasers on proportionally equal terms."

The complaint alleges that subsequent to the time plaintiff had established itself as a customer of defendant, the latter induced the University of Oklahoma to solicit bids for furniture which was specially designed by defendant and prices for which were available only by quotation by defendant. Defendant then made these prices available to other purchasers, who were competitors of plaintiff, but refused to quote or sell to plaintiff. Subsequently, defendant induced the University of Illinois to solicit the same type of bid, and, on this particular bid, prices were quoted and materials were sold to plaintiff. Later the same university again solicited bids for similar equipment, but defendant refused to quote prices or sell the goods. After these alleged acts of discrimination, defendant accepted orders from plaintiff for defendant's regular line of merchandise.

Thereupon, defendant moved to dismiss the complaint on the following grounds: (a) that it does not show an unlawful discrimination within the meaning of Section 2(e); (b) that it does not allege facts showing that plaintiff was a purchaser as to whom there was any unlawful discrimination; (c) that defendant did nothing more than select its own customers, as it was expressly permitted to do under Section 2(a).

The principal issue to be determined in this cause is accurately stated by plaintiff to be, "Did the defendant by negotiating with the University of Illinois and University of Oklahoma for the said institutions to exclusively require the special designed products of the defendant thereby render a service?" The Court is unable to agree with plaintiff's contention that defendant either did, or intended to, extend a service to its purchasers when it arranged for the requirement of specially designed furniture, even though such arrangement was made at its own expense and without cost to said purchasers. The negotiations were designed primarily to benefit the defendant, and any benfits accruing to its purchasers was purely incidental. The distinction between this practice and those described in Corn Products Refining Company v. Federal Trade Commission, 324 U. S. 726, 65 S.Ct. 961, 89 L.Ed. 1320, and Elizabeth Arden Sales Corp. v. Gus Blass Co., 8 Cir., 150 F.2d 988, 161 A.L.R. 370, should be readily apparent. In the former case, the manufacturer spent large sums of money for advertising the product of one of its purchasers; in the latter case, the manufacturer either furnished the services of a clerk or paid part of the clerk's wages disproportionately as to all its purchasers. The activities complained of here and the price-quoting appear to belong in a completely different category, and should not be classified as services.

■ Furthermore, plaintiff does not qualify as a purchaser within the meaning of the term as defined in the case of Shaw's Inc. v. Wilson-Jones Co., 3 Cir., 105 F.2d 331, 333:

"The term purchaser means simply one who purchases, a buyer, a vendee. It does not mean one who seeks to purchase, a person who goes into the market-place for the

purpose of purchasing. In other words, it does not mean a prospective purchaser, or one who wishes to purchase, as the appellant contends."

and further:

"Past purchases or conversations in respect to possible future purchases are insufficient."

Despite plaintiff's contentions to the contrary, it is still permissible for a seller to select his own customers. Plaintiff asserts that this is true under Section 13(a) but not under 13(e), because the proviso is not contained therein expressly. However, the language of the proviso itself should be noted:

"And provided further, That nothing contained in sections 12, 13, 14–21, 22–27 of this title shall prevent persons engaged in selling goods, wares, or merchandise in commerce from selecting their own customers in bona fide transactions and not in restraint of trade".

Quite obviously, therefore, since subsection (e) is a part of Section 13, it is also included within the scope of the proviso.

Defendant's motion to dismiss the complaint is, therefore, granted, and the same is accordingly dismissed.